UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

:
JOHN HEART,                                    :
                                               :    CASE NO. 1:20-cv-01800
         Plaintiff,                            :
                                               :
   vs.                                         :    OPINION & ORDER
                                               :    [Resolving Docs. 1, 22]
COMMISSIONER OF SOCIAL                         :
SECURITY,                                      :
                                               :
         Defendant.                            :
                                               :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff John Heart seeks judicial review of the Social Security Commissioner's final decision denying his application for supplemental security income.[1] Magistrate Judge Darrell A. Clay recommends affirming the Commissioner's benefits denial.[2] Plaintiff raises three objections.[3]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), and **AFFIRMS** the Commissioner of Social Security's decision.

I.   **Background**

On September 12, 2017, Plaintiff Heart applied for supplemental security income due to groin pain following hernia surgery.[4]

On November 20, 2018, a Social Security Administrative Law Judge ("ALJ") conducted a hearing.[5]

---

[1] Doc. 1.
[2] Doc. 21.
[3] Doc. 22.
[4] Doc. 14 ("Transcript" or "Tr.") at 68, 124; *see also* Doc. 21 at 1 n.1.
[5] *Id.* at 22. Plaintiff decided to proceed without counsel. *Id.*

Case No. 20-cv-01800
Gwin, J.

On April 4, 2019, the ALJ found Plaintiff not disabled under the Social Security Act.[6] The Appeals Council denied his request for review.[7]

On June 23, 2020, Plaintiff Heart filed this case seeking review of the Social Security Administration's unfavorable decision.[8]

In his merits brief, Heart raised six issues.[9] Plaintiff Heart argued that the ALJ should have considered whether Heart met the requirements for Listing 1.02, major dysfunction of a weight-bearing joint. Heart also challenged the ALJ's residual functional capacity finding. In addition, Plaintiff Heart challenged the ALJ's findings about Heart's pain levels and injury location. Finally, Plaintiff Heart argued that the ALJ made incorrect findings about his mobility and his work restrictions.

The Commissioner opposed, arguing that (1) substantial evidence supports the ALJ's finding that Plaintiff Heart does not meet any disability Listing; (2) substantial evidence supports the ALJ's medical opinion evaluation, and (3) substantial evidence supports the ALJ's finding about Applicant Heart's pain levels.[10]

In his reply brief, Plaintiff Heart offered new medical treatment evidence from June 2020, more than a year after the ALJ's April 2019 decision.[11]

On October 22, 2021, Magistrate Judge Clay recommended that the Court affirm the Social Security Administration's denial of benefits.[12] Magistrate Judge Clay recommends that substantial evidence supports the ALJ's conclusion that Plaintiff Heart does not qualify for

---

[6] *Id.* at 19.
[7] *Id.* at 6.
[8] Doc. 1.
[9] Doc. 15.
[10] Doc. 18.
[11] Doc. 20.
[12] Doc. 21.

-2-

Case No. 20-cv-01800
Gwin, J.

any disability Listing.[13] Magistrate Judge Clay found that Listing 1.02 does not apply to Heart's application because Plaintiff Heart does not have a weight-bearing joint injury.[14]

Magistrate Judge Clay also concluded that the ALJ properly evaluated the medical opinion evidence and properly evaluated Plaintiff Heart's testimony about his pain levels.[15]

Finally, Magistrate Judge Clay concluded that substantial evidence supports the ALJ's findings about Plaintiff Heart's ability to work.[16]

On November 5, 2021, Plaintiff objected to Magistrate Judge Clay's report and recommendation ("R&R").[17]

II.   Legal Standard

The Federal Magistrates Act requires a district court make a *de novo* review of only those portions of the R&R to which the parties object.[18] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[20] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[22]

---

[13] *Id.* at 11.
[14] *Id.* at 12.
[15] *Id.* at 12-17.
[16] *Id.* at 18-21.
[17] Doc. 22.
[18] 28 U.S.C. § 636(b)(1).
[19] *Id.*
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[21] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
[22] *Id.*

Case No. 20-cv-01800
Gwin, J.

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[23] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[24]

To establish disability under the Social Security Act, a plaintiff must show that he cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[25]

For a *pro se* plaintiff like Plaintiff Heart, the Court liberally construes the plaintiff's arguments.[26]

### III. Discussion

Plaintiff offers three objections to the Report and Recommendation: (1) the ALJ placed improper weight on a medical opinion that conflicted with Plaintiff's physical therapist's opinion; (2) Magistrate Judge Clay should have considered Plaintiff's new evidence; and (3) the ALJ should have considered Plaintiff's disability under Listing 1.02.[27]

The Court first addresses Objections One and Three challenging the ALJ's findings. The Court overrules both objections.

Next, the Court addresses Objection Two by considering Plaintiff's new evidence. The Court finds that this evidence does not require remand because the evidence postdates the ALJ's decision by more than a year.

---

[23] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[24] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[25] 42 U.S.C. § 423(d)(1)(A); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
[26] *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).
[27] Doc. 22.

Case No. 20-cv-01800
Gwin, J.

### a. Objections to the ALJ's Findings

The Court overrules Plaintiff's first objection about the weight the ALJ gave to a medical opinion. Plaintiff argues that the ALJ improperly credited a medical opinion though the medical opinion arguably conflicted with Plaintiff's physical therapist's opinion.

Magistrate Judge Clay correctly concluded that the physical therapist's report describes Plaintiff's self-reported symptoms instead of giving the physical therapist's medical opinion.[28] Treatment notes describing a patient's self-described symptoms do not qualify as a medical opinion.[29]

The Court also overrules Plaintiff Heart's third objection. With his third objection, Plaintiff argues that the ALJ should have considered whether he meets the criteria for Listing 1.02.

The ALJ "need not discuss listings that the applicant clearly does not meet."[30] "If, however, the record raises a substantial question as to whether [the claimant] could qualify as disabled under a listing, the ALJ should discuss that listing."[31]

To show a substantial question, "the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing."[32]

If the ALJ "made sufficient factual findings elsewhere in [her] decision to support [her] conclusion at step three," the Court need not remand the case for failure to discuss a listing.[33]

---

[28] Doc. 21 at 13-14; Tr. at 255.
[29] *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011).
[30] *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013).
[31] *Id.* (quotation marks omitted).
[32] *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014).
[33] *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014).

Case No. 20-cv-01800
Gwin, J.

Plaintiff Heart does not show a plausible argument that he qualifies for Listing 1.02. The ALJ's factual findings are sufficient to show that he does not meeting the listing for major dysfunction of a weight-bearing joint.

To qualify for Listing 1.02, a claimant's disability must have "[i]nvolvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively."[34] The injury must also involve "gross anatomical deformity" and "chronic joint pain and stiffness," along with "appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint."[35]

The medical evidence does not show that Plaintiff Heart has a hip injury. While he reports hip pain related to his groin injury, the medical evidence does not show that his hip is injured, nor that he has "joint space narrowing, bony destruction, or ankylosis" in his hip.

The ALJ found that Plaintiff Heart has groin pain following his hernia surgery.[36] The medical evidence reflects treatment for groin pain.[37] Substantial evidence supports the finding that Plaintiff Heart has groin pain, not a hip injury.

Plaintiff Heart does not point to specific evidence showing that the ALJ should have found that he meets the Listing 1.02 requirements.

b. New Evidence

Plaintiff Heart moves to admit new medical evidence and remand his case to the Commissioner.[38] Remand under 42 U.S.C. § 405(g) "sentence six" is appropriate "only if

---

[34] *Figueroa v. Comm'r of Soc. Sec. Administration*, 1:16CV1126, 2017 WL 1023703, at *11 (N.D. Ohio Mar. 16, 2017) (quoting 20 C.F.R. Part 404, Subpart P, Appendix 1).
[35] *Id.*
[36] Tr. at 24-25.
[37] *Id.* at 306, 313-14, 345, 444.
[38] Doc. 20-1.

-6-

Case No. 20-cv-01800
Gwin, J.

the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ."[39] Here, Plaintiff presents new evidence because it was "not in existence or available to the claimant at the time of the administrative proceeding."[40] His motion for remand fails, however, because the evidence is not material.

Evidence is material if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."[41] Evidence of "a subsequent deterioration or change in condition after the administrative hearing" is not material.[42]

The relevant time marker is the date of the ALJ decision.[43] Evidence from over a year after the hearing does not justify remand because that evidence does not show the claimant's condition at the time of the hearing.[44]

Plaintiff Heart offers evidence from June 2020, more than a year after the ALJ's April 2019 decision.[45] The new evidence is not material because it does not show Plaintiff Heart's condition at the time of the hearing.

IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner of Social Security's decision.

---

[39] *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).
[40] *Id.*
[41] *Id.*
[42] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003) (quoting *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir.1992)).
[43] *Koster v. Comm'r of Soc. Sec.*, 643 F. App'x 466, 478 (6th Cir. 2016).
[44] *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 277-78 (6th Cir. 2010).
[45] Doc. 20-1.

Case No. 20-cv-01800
Gwin, J.

IT IS SO ORDERED.

Dated: March 4, 2022           *s/       James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE